# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| SHAKOOR STEVENSON, | * | |
| Petitioner, | * | |
| v. | | Civil Case No. GJH-16-505 |
| | * | Crim. Case No. GJH-08-36 |
| UNITED STATES OF AMERICA, | | |
| | * | |
| Respondent. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the Court is Petitioner Shakoor Stevenson's third Motion to Vacate pursuant to 28 U.S.C. § 2255, ECF No. 68, and the Government's Motion to Lift Stay and Dismiss Petitioner's Motion to Vacate, ECF No. 78. No hearing is necessary to resolve the Motions. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion to Vacate is denied and the Government's Motion to Lift Stay and Dismiss Petitioner's Motion to Vacate is granted.

## I. BACKGROUND

On June 11, 2010, Petitioner pled guilty to Possession with Intent to Distribute Narcotics, in violation of 21 U.S.C. § 841(a). ECF No. 31. On September 3, 2010, the Court sentenced Petitioner to a term of imprisonment of 136 months to run concurrent with the sentence imposed in Criminal Case No. JFM-10-0247. ECF No. 39.

On December 26, 2012, Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF 53. The Court denied the Motion on April 10, 2013. ECF 57. On February 12, 2014, Petitioner filed his second Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF 59. The Court

1

initially granted the Motion on May 29, 2014, ECF No. 63, but later denied the Motion on July 28, 2014 in response to the Government's Motion for Reconsideration, ECF Nos. 64, 65.[1]

On February 22, 2016, Petitioner filed his third Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF 68. The Motion requested relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) related to career offender sentences. At the time Petitioner filed his motion, there was a Standing Order in place ordering that scheduling in all pending and anticipated cases involving *Johnson* challenges be suspended. Thus, the Government filed a Motion to Stay on February 29, 2016, ECF No. 70, which the Court granted on March 18, 2016, ECF No. 73.

On April 21, 2016, the Federal Public Defender entered its appearance in Petitioner's case, ECF No. 74, and on May 11, 2016, it filed on Petitioner's behalf a Motion for Authorization to File Successive Habeas Application in the United States Court of Appeals for the Fourth Circuit, *In re: Shakoor Stevenson*, 16-714, ECF No. 2. On June 6, 2016, the Fourth Circuit denied Petitioner's Motion for Authorization. *Id.* at ECF No. 8.

On November 11, 2016, the Government filed a Motion to Lift Stay and Dismiss Petitioner's Motion to Vacate requesting that the Court lift the stay ordered on March 18, 2016 and dismiss Petitioner's Motion to Vacate based on the Fourth Circuit's denial of authorization to file a successive petition. ECF No. 78.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that the filing of "[a] second or successive motion" pursuant to § 2255 be authorized "by a panel of the

---

[1] Petitioner subsequently filed his own Motion for Reconsideration on August 25, 2014. ECF No. 66. According to the docket, the Court granted that motion on December 8, 2014, but a copy of that Order is not in the docket and there is no indication of how the § 2255 Motion was ultimately resolved. ECF No. 67.

appropriate court of appeals…" 28 U.S.C. § 2255(h). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a[] [second or successive] application" for relief under § 2255. *United States v. Winestock*, 240 F.3d 200, 205 (4th Cir. 2003).

Here, Petitioner's Motion to Vacate is his third such motion and its filing has not been authorized by the Fourth Circuit. Rather, the Fourth Circuit explicitly denied Petitioner's application for authorization to file a successive petition. Thus, this Court lacks jurisdiction to consider Petitioner's Motion to Vacate and it must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Lift Stay and Dismiss Petitioner's Motion to Vacate, ECF No. 78, is granted, and Petitioner's Motion to Vacate, ECF No 68, is denied. A separate Order shall issue.

Date: August   29, 2019                                   __/s/_____
                                                          GEORGE J. HAZEL
                                                          United States District Judge